```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHARISE L. BURT,

                        Plaintiff,           MEMORANDUM & ORDER
                                             15-CV-3887(JS)(AYS)
        -against-

PHH MORTGAGE CORPORATION, SHAPIRO,
DICARO & BARAK, LLC, MARK RICCIARDI
and JOHN DOE 1-3,

                        Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:          Charise L. Burt, pro se
                        24 Conlon Road
                        Roosevelt, New York 11575


For Defendant
PHH Mortgage
Corporation:            John Fincey, Esq.
                        McGlinchey Stafford
                        112 West 34th Street, Suite 1403
                        New York, New York 10120

For Defendant
Shapiro, DiCaro
& Barak, LLC:           John A. DiCaro, Esq.
                        Shapiro, DiCaro & Barak, LLC
                        175 Milecrossing Blvd.
                        Rochester, New York 14624

For Defendant
Mark Ricciardi:         James N. Joseph, Esq.
                        Joseph & Terracciano, LLP
                        2 Roosevelt Avenue, Suite 200
                        Syosset, New York 11791

For Defendant
John Doe 1-3:           No appearance
```

SEYBERT, District Judge:

This dispute relates to the foreclosure of a residential property in Roosevelt, New York. Plaintiff Charise Burt ("Plaintiff") alleges that Defendants PHH Mortgage Corporation ("PHH"), Shapiro, DiCaro & Barak, LLC ("Shapiro"), Mark Ricciardi ("Ricciardi") and John Doe 1-3 ("John Does") (collectively, "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"). (Am. Compl., Docket Entry 53, ¶ 1.) Presently pending before the Court are Riccardi, Shapiro, and PHH's motions to dismiss for failure to state a claim. (Ricciardi Mot., Docket Entry 56; Shapiro Mot., Docket Entry 57; PHH Mot., Docket Entry 76.) For the following reasons, the motions are GRANTED. Plaintiff is also GRANTED leave to file a Second Amended Complaint as set forth below.

BACKGROUND

I. Factual Background[1]

Plaintiff executed a mortgage note on October 12, 2004, which was secured by a residence at 24 Conlon Road in Roosevelt,

---

[1] As explained in more detail infra, the Court will treat the Amended Complaint at Docket Entry 53 as the operative complaint in this action. The following facts are taken from the Amended Complaint (Am. Compl.) and are presumed to be true for the purposes of this Memorandum and Order. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks and citation omitted)).

New York.  (Am. Compl. ¶ 10; Shapiro Ex. B, Docket Entry 61, at 19.)  The mortgagee was Merrill Lynch Credit.  (Am. Compl. ¶ 10.)  Plaintiff was found to be in default as of February 1, 2011.  (Am. Compl. ¶ 11.)  Thereafter, Plaintiff went to the public recorder's office and discovered that the note was assigned to PHH on May 11, 2011.[2]  (Am. Compl. ¶¶ 12-13; Pl.'s Ex. A, Docket Entry 53, at 9-10.)[3]  On August 31, 2011, Defendant Shapiro, on behalf of PHH, commenced a foreclosure action in New York State Supreme Court. (Shapiro Ex. B, at 2.)

On October 9, 2014, Plaintiff served a Notice of Dispute on Defendants pursuant to 15 U.S.C. § 1692g, requiring that they "validate the alleged debt and obtain verification from the creditor."  (Am. Compl. ¶ 16; Pl.'s Ex. B, Docket Entry 53, at 11-13.)  She never received verification of the debt.  (Am. Compl. ¶ 16.)

Plaintiff further alleges that she did not give prior consent for Defendants to contact her and that Defendants acquired certain data from a third party and "used such data in abusive conduct" toward her.  (Am. Compl. ¶¶ 14-15.)  She maintains that Defendants "engaged in abusive behavior, trespass[ed] in

---

[2] Plaintiff alleges that her discovery of the assignment qualifies as an "initial communication" under the FDCPA.  (Am. Compl. ¶ 13.)

[3] The Court will use the pagination assigned by the Electronic Case Filing System when referring to the exhibits.

3

[P]laintiff's private commercial affairs as well as . . . harass[ed] and invade[d] [P]laintiff's privacy." (Am. Compl. ¶ 18.) Additionally, Plaintiff alleges that she suffered headaches, nausea, embarrassment, and insomnia as a result of Defendants' conduct and seeks the following relief: (1) a declaratory judgment that Defendants violated the FDCPA, (2) $1,000 in statutory damages, (3) $250,000 in actual damages, (4) $500,000 in punitive damages, (5) costs, fees and expenses, and (6) an injunction preventing Defendants from further debt collection activity. (Am. Compl. ¶ 22, and at 5.)

II. Procedural History

Plaintiff commenced this action on July 2, 2015, alleging that Defendants violated the FDCPA and New York General Business Law ("NYGBL") § 349. (Compl., Docket Entry 1, ¶ 1.) Defendants subsequently moved to dismiss the Complaint for failure to state a claim. (Shapiro Mot., Docket Entry 11; Ricciardi Mot., Docket Entry 31; PHH Mot., Docket Entry 34.) Thereafter, Plaintiff filed a motion to amend her Complaint. (Docket Entry 39.) On October 15, 2015, PHH filed a motion to consolidate this matter with a related action that PHH had previously removed to this Court. (Docket Entry 42.)

During a conference on January 8, 2016, the Court granted PHH's motion to consolidate and consolidated this action with Burt v. PHH Mortgage Corp., 15-CV-5274. (Minute Order, Docket Entry

50.) In addition, the Court granted Plaintiff's motion to amend and directed her to file an Amended Complaint containing the allegations in both actions. Defendants' motions to dismiss were terminated pending the filing of the Amended Complaint. (See Minute Order.) Plaintiff filed her Amended Complaint on March 7, 2016. (See Am. Compl.) She appears to allege that Defendants violated several provisions of the FDCPA, including 15 U.S.C. §§ 1692g, 1692c, and 1692d.[4] (Am. Compl. ¶¶ 16, 18.) Ricciardi, Shapiro and PHH filed their motions to dismiss on March 21, 2016, March 31, 2016 and April 6, 2016, respectively. (Mots., Docket Entries 56, 57, 76.)

On April 27, 2016, Plaintiff filed a document captioned "Plaintiff's Second Amended Claim for Damages." (Docket Entry 79.) Thereafter, PHH filed a letter motion to dismiss and argued that because Plaintiff did not oppose its motion to dismiss, the motion should be granted on that basis alone. PHH further argued that Plaintiff improperly filed a Second Amended Complaint without

---

[4] Although Plaintiff does not refer to section 1692d specifically, she alleges that Defendants "engaged in abusive behavior." (Am. Compl. ¶ 18.) When a plaintiff is proceeding pro se, the Court "is required to read the complaint liberally and interpret it as raising the strongest argument it suggests." Brooks v. N.Y.C. DOC Comm'r, No. 14-CV-6283, 2016 WL 4530456, at *2 (E.D.N.Y. Aug. 29, 2016). As such, the Court construes this allegation as interposing a claim under section 1692d of the FDCPA. Section 1692d prohibits "a debt collector . . . [from] engag[ing] in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." 15 U.S.C. 1692d.

5

leave of the Court. (PHH Ltr. Mot., Docket Entry 80, at 1.) Ricciardi and Shapiro joined PHH's motion. (Ltr. Mots., Docket Entries 81, 82.) While Plaintiff's "Second Amended Claim for Damages" is formatted like a complaint, the Court construes this document as Plaintiff's opposition to the motions to dismiss, as it appears to respond to Defendants' arguments and it was filed on the last day for Plaintiff to file an opposition brief.

DISCUSSION

I. Legal Standard

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the Court must accept all allegations in the Amended Complaint as true, this tenet is "inapplicable to legal conclusions." Id. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." Id. at 679, 129 S. Ct. at 1950.

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citation omitted). See also Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015) (noting that the dismissal of a pro se complaint pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal quotation marks and citations omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, the Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)

(internal quotation marks and citation omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (observing that a document is "integral" if the complaint "relies heavily upon its terms and effect") (internal quotation marks and citation omitted). Further, the Court is permitted to take judicial notice of facts contained in publicly available documents, including, in this case, the filings in a State Court foreclosure proceeding. See Person v. White, 09-CV-3920, 2010 WL 2723210, at *3 (E.D.N.Y. July 2, 2010) (quoting Commer v. McEntee, 00-CV-7913, 2006 WL 3262494, at *23 (S.D.N.Y. Nov. 9, 2006) ("[T]he Court may take judicial notice of . . . matters of general public record . . . .").

## II. The Fair Debt Collection Practices Act[5]

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001); see also 15 U.S.C. § 1692(e) (describing that the purpose of the statute is "to eliminate abusive debt collection practices"). To assert a claim under the FDCPA, Plaintiff must satisfy three threshold requirements: (1) she was a "consumer";

---

[5] Plaintiff's claim under NYGBL § 349 is deemed ABANDONED because she did not include it in her Amended Complaint. See Ping Tou Bian v. Taylor, 23 F. App'x 75, 77 (2d Cir. 2001) ("It is well-established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (internal quotation marks omitted).

8

(2) Defendants were "debt collector[s]"; and (3) Defendants' act or omission violated the FDCPA. See Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).

Plaintiff appears to allege that Defendants' conduct violated sections 1692g, 1692c and 1692d of the FDCPA. Section 1692g requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice," known as a validation notice. 15 U.S.C. § 1692g(a). The notice is required to contain certain information, including "the amount of the debt," "the name of the creditor to whom the debt is owed," and a series of statements outlining the dispute procedures. 15 U.S.C. § 1692g(a)(1)-(5); see also Douyon v. N.Y. Med. Health Care, P.C., 894 F. Supp. 2d 245, 255 (E.D.N.Y. 2012), amended on reconsideration, 2013 WL 5423800 (E.D.N.Y. Sept. 25, 2013). Notably, the provision states that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." § 1692g(a)(3). If the consumer disputes the debt in writing within the thirty-day period, the debt collector is prohibited from engaging in collection activities until a verification of the debt, a copy of the

9

judgment, or the identity of the original creditor is provided to the consumer. § 1692g(b).

Section 1692c sets forth specific guidelines regarding when and how debt collectors can contact consumers. Unless the consumer consents, debt collectors are prohibited from contacting consumers at certain times, contacting consumers who are represented by an attorney, contacting third parties about a consumer's debt, and contacting consumers at their place of employment. 15 U.S.C. §§ 1692c(a), 1692c(b). If a consumer notifies the debt collector in writing that she refuses to pay the debt, or that she wishes communication regarding the debt to cease, the debt collector is required to cease communication except in certain narrow circumstances. § 1692c(c).

Finally, section 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

A. Ricciardi's Motion to Dismiss

Ricciardi argues that he is not a debt collector as defined by the FDCPA.[6] (Ricciardi Br., Docket Entry 56-1, at 9.) Subject to certain exceptions not relevant here, the statute defines a debt collector as "any person who uses any

---

[6] Plaintiff did not respond to this argument in her opposition.

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Ricciardi is a New York State Court Referee who was appointed by the state court judge presiding over the foreclosure action to "ascertain and compute the amount due, determine whether the premises may be sold in parcels, conduct a hearing and take testimony . . . and conduct the sale." (Ricciardi Br. at 9.) He contends that he was appointed "after the commencement of the [s]tate foreclosure action and after Plaintiff defaulted in answering the foreclosure complaint and liability for the debt was determined by the Court." (Ricciardi Br. at 7.)

Ricciardi does not "regularly collect[ ] or attempt[ ] to collect . . . debts" nor was he engaged in "any business the principal purpose of which [was] the collection of debts." <u>See</u> § 1692a(6). Rather, he was appointed by the state court judge to manage certain aspects of the foreclosure proceeding after liability was determined. (Ricciardi Br. at 7; Order of Reference, Ricciardi Ex. D, Docket Entry 56-6, at 3.) Accordingly, Ricciardi

is not a debt collector subject to liability under the FDCPA, and his motion to dismiss is GRANTED.

B. <u>Shapiro and PHH's Motions to Dismiss</u>

Shapiro and PHH argue that the Amended Complaint fails to state a claim under the FDCPA. (Shapiro Br., Docket Entry 58, at 5-6; PHH Br., Docket Entry 77, at 5-6.) Additionally, they argue that Plaintiff's section 1692g claim fails as a matter of law. (Shapiro Br. at 8-9; PHH Br. at 6-9.)

The Court agrees that the Amended Complaint fails to state a claim under section 1692g. Plaintiff alleges that she served a Notice of Dispute on October 9, 2014 which "require[d] defendants . . . to validate the alleged debt, and obtain verification from the creditor." (Am. Compl. ¶ 16; Pl.'s Ex. B.) However, the thirty-day period prescribed by section 1692g had already expired because Plaintiff was served with the validation notice on September 8, 2011 (the "Validation Notice"). (Aff. of Serv., Shapiro Ex. C, Docket Entry 62; Validation Notice, Shapiro Ex. D, Docket Entry 63.) As a result, Shapiro and PHH were entitled to assume that the debt was valid. See <u>Munroe v. Specialized Loan Servicing LLC</u>, 14-CV-1883, 2016 WL 1248818, at *7 (E.D.N.Y. Mar. 28, 2016) ("Because Plaintiff failed to dispute the validity of the defaulted mortgage debt within the applicable thirty-day period, Defendants were entitled to assume the debt was valid, and Plaintiff's section 1692g claim fails as a matter of law.").

12

Therefore, Plaintiff's section 1692g claim is DISMISSED WITH PREJUDICE.

Plaintiff's remaining allegations are difficult to discern. She refers to section 1692c, (Am. Compl. ¶ 16), and alleges conduct that may violate section 1692d, (Am. Compl. ¶ 18), but fails to allege any facts to support these claims. Specifically, she fails to allege that Shapiro or PHH communicated with her in a manner prohibited by section 1692c, or that they continued to contact her after she requested that they cease communications. See § 1692c(a), (c). Although Plaintiff alleges that Shapiro and PHH engaged in "abusive behavior, trespass[ed] in [P]laintiff's private commercial affairs as well as harass[ed] and invad[ed] [P]laintiff's privacy," (Am. Compl. ¶ 18), she fails to set forth the "abusive behavior" they engaged in or when it occurred. Although a pro se complaint is to be construed liberally, see Erickson, 551 U.S. at 94, 127 S. Ct. at 2200, 167 L. Ed. 2d 1081, the Court finds that Plaintiff's allegations are insufficient to state a plausible FDCPA claim. Accordingly, Shapiro and PHH's motions to dismiss the remaining claims are GRANTED.

C. Leave to Amend

The Second Circuit has held that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d

Cir. 1999), overruled on other grounds, Gonzaga v. Doe, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). See also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012).

In light of Plaintiff's pro se status, the Court will allow Plaintiff to amend her complaint. See Brooks v. N.Y.C. DOC Comm'r, No. 14-CV-6283, 2016 WL 4530456, at *7 (E.D.N.Y. Aug. 29, 2016) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (alteration in original).

The Court recognizes that PHH and Shapiro contend that Plaintiff's claims are barred by claim preclusion and the statute of limitations, or alternatively, should be dismissed because Plaintiff was represented by counsel during the foreclosure proceeding. (Shapiro Br. at 4-7; PHH Br. at 3-5.) However, the Court declines to determine whether dismissal is appropriate on these grounds at this juncture in the absence of specific factual allegations.

14

Therefore, the Court GRANTS Plaintiff leave to amend her Amended Complaint to add specific allegations to support her claims under sections 1692c and 1692d against Shapiro and PHH.  Leave to amend is DENIED as to Plaintiff's section 1692g claim and her claim against Ricciardi.  Plaintiff is advised that if she fails to amend her Amended Complaint within the time period set by the Court, the case will be dismissed with prejudice.

<u>CONCLUSION</u>

For the foregoing reasons, Ricciardi's motion to dismiss (Docket Entry 56) is GRANTED, and Plaintiff's claims against Ricciardi are DISMISSED WITH PREJUDICE.  Shapiro and PHH's motions to dismiss (Docket Entries 57, 76) are GRANTED, and Plaintiff's claims against Shapiro and PHH are DISMISSED WITHOUT PREJUDICE.  Defendants' letter motions to dismiss (Docket Entries 80, 81, 82) are TERMINATED AS MOOT.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

Plaintiff is GRANTED leave to file a Second Amended Complaint to add allegations to support her claims under sections 1692c and 1692d against Shapiro and PHH within thirty (30) days of the date of this Memorandum and Order. Leave to amend is DENIED as to the section 1692g claim and the claim against Ricciardi. The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January  25 , 2017
         Central Islip, New York